*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADRIAN LOUIS VILLANUEVA,

        Defendant-Appellant.

UNPUBLISHED
March 3, 2022

No. 356411
Saginaw Circuit Court
LC No. 19-046326-FC

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

CAVANAGH, P.J. (*dissenting*).

I respectfully dissent. Contrary to the majority opinion, I would affirm the trial court order denying defendant's motion to withdraw his plea on the basis of ineffective assistance of counsel.

Defendant's trial counsel petitioned the trial court to order forensic examinations to determine both defendant's competency to stand trial and his criminal responsibility. The petition was granted and both evaluations were performed. A licensed psychologist and forensic examiner at the Center for Forensic Psychiatry performed these evaluations and submitted reports in which she opined that defendant was competent to stand trial and that, although "mentally ill as defined by statute for the time in question," he did "not meet statutory criteria for a defense of legal insanity" because he "demonstrated the capacity to appreciate the nature of his actions, the wrongfulness of his behaviors, and to conform his behaviors to the requirements of the law." As the trial court noted, the examiner's conclusions were extensively supported, including by defendant's mental health history, reports reviewed, observations, and testing completed.

Defendant failed to provide any evidence to rebut or undermine the professional opinions expressed in the competency and criminal responsibility evaluations. As the trial court noted: "Nothing in either forensic center report suggests that Defendant was legally insane at the time of the offenses in this case." And, the trial court further noted: "Nothing has been presented by Defendant to support the present claim that an independent exam was warranted. Nothing indicates that the plea process would be different if an independent exam was conducted as now argued by the defense."

On appeal, defendant, who was 33 years old when he was evaluated, refers to portions of the record that demonstrate he has a history of mental illness, but mental illness does not necessarily constitute a defense of legal insanity. See MCL 768.21a(1). And defendant's mental health history was specifically considered by the forensic examiner. Defendant must show that he had a meritorious defense, but he has failed to provide any evidence from a medical professional opining that the forensic evaluation report was wrong and that defendant was legally insane at the time of the offenses. Apart from pointing to his mental health history, defendant presented no evidence that he was incompetent at the time of the offenses. See *People v Hunt*, 170 Mich App 1, 14; 427 NW2d 907 (1988). Moreover, although "[t]he defendant may, at his or her own expense, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed," MCL 768.20a(3), this language is permissive rather than mandatory. Therefore, there was no requirement for trial counsel to seek such an independent evaluation. In light of the forensic examiner's evaluations and reports, and in the absence of any evidence by defendant, I conclude that defendant failed to carry his heavy burden to show that his trial counsel was ineffective for failing to seek an independent criminal responsibility evaluation or pursue an insanity defense. See *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (citation omitted). Accordingly, I would affirm the trial court's decision on this issue.


/s/ Mark J. Cavanagh